IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE D. BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 2617 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JUDGE DAVID HARACZ, JUDGE BRIDGET MITCHELL, THE LAW FIRM OF SHAPIRO and KREISMAN, and WILLIAM BARASA, | ) ) ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Plaintiff Jeanne D. Beckman has filed a pro-se complaint against defendants David Haracz and Bridget Mitchell, both judges of the Circuit Court of Cook County, Illinois, the Law Firm of Shapiro and Kreisman, and her ex-husband William Barasa, seeking to enjoin a judicial sale of the home she and Barasa own. Plaintiff also filed an application for leave to proceed in forma pauperis ("IFP"), and on this date appeared before the court presenting what the court construed as an emergency motion to halt the sale.

Under 28 U.S.C. § 1915(a)(1), a district court may allow a plaintiff to file a lawsuit without prepaying the required fees if the plaintiff establishes that she cannot afford to pay for legal services. Holly v. Wexford Health Services, Inc., 339 F. Appx. 633, 635-36 (7th Cir. 2009). The court, however, must also review the complaint and dismiss the action if it lacks subject matter jurisdiction, is frivolous or malicious, or fails to state a claim. Winters v. Fru-Con Inc., 498 F.3d 734, 740 (7th Cir. 2007) (noting that the court's first duty in every lawsuit is to ensure the existence of subject-matter jurisdiction); 28 U.S.C. § 1915(e)(2). Courts within the Seventh Circuit may address the merits of a complaint prior to granting IFP status. Wartman v.

<u>Branch 7, Civ. Div., County Court, Milwaukee County, State of Wisconsin</u>, 510 F.2d 130, 132 (7th Cir. 1975).

Plaintiff's complaint fails to clear this threshold review. The complaint does not articulate, and the court cannot identify, any basis for federal subject matter jurisdiction. Because plaintiff and defendants are Illinois citizens, the court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. Nor do the complaint's allegations implicate any federal statute. In addition, as explained to the plaintiff in open court, the judicial defendants have judicial immunity from any of plaintiff's purported claims. Consequently, the court dismisses this action for lack of subject matter jurisdiction. Plaintiff's IFP application (Doc. 4) is denied as moot.

**ENTER:** April 6, 2017

_____
**Robert W. Gettleman
United States District Judge**